## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80289-CIV-MIDDLEBROOKS/WHITE
(02-80197-CR-MIDDLEBROOKS)

**TAVARIS DAVIS,**

Movant,

**v.**

**UNITED STATES OF AMERICA,**

Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon the Report and Recommendation ("R&R") of

Magistrate Judge Patrick A. White in the above-styled case (DE 21), advising that Tavaris Davis

("Davis" or "Movant") be resentenced in light of the Supreme Court's recent decision in *Johnson*

*v. United States,* ___ U.S. ___, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010).

On February 25, 2003, pursuant to a plea agreement, Mr. Davis pled guilty to one count

of illegally possessing a firearm after being convicted of a felony crime, in violation of 18 U.S.C.

§ 922(g)(1). (Cr-DE 26, 27).  On June 9, 2003, the Court determined that three prior convictions

for "violent felonies" on Mr. Davis' criminal record triggered a mandatory minimum sentence of

fifteen years under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and

sentenced Davis to fifteen years imprisonment and five years of supervised release. (Cr-DE 33).[1]

_____

[1]The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a
term exceeding one year ... that (i) has as an element the use, attempted use, or threatened use of
physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use
of explosives, or otherwise involves conduct that presents a serious potential risk of physical

1

*See* 18 U.S.C. § 924(e)(1) (prescribing imprisonment of no less than fifteen years for persons committing certain qualifying crimes while having at least three previous convictions for violent felonies or serious drug offenses).   At the time, Davis had two prior Florida convictions for felony battery on a police officer, and one conviction for carrying a concealed firearm. (PSI ¶¶ 18, 33, 44, 45).  No direct appeal was taken.

Davis now moves to vacate his sentence pursuant to 28 U.S.C. § 2255 (DE 1), arguing that intervening developments in controlling law compel resentencing.  In particular, he alleges that pursuant to the Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), he does not qualify as an "armed career criminal" under § 924(e), and that his sentence is therefore contrary to law.  In *Johnson*, the Supreme Court held that the Florida offense of felony battery is not a "violent felony" under the ACCA because Florida felony battery can be perpetrated by slight, incidental contact while a "violent felony" within the meaning of the Act requires "violent force – i.e. force capable of causing physical pain or injury to another person." *Johnson*, 130 S.Ct. at 1271, 1274.  Because Mr. Davis' felony battery convictions are not "violent felonies," Mr. Davis submits, he lacks the requisite predicate offenses to qualify as an "armed career criminal" subject to a fifteen year mandatory minimum sentence under the Act. *See* 18 U.S.C. § 924(e)(1).

Both the Government and Judge White agree that (a) Davis' motion to vacate was timely filed; (b) that the *Johnson* rule applies retroactively to Davis' case under *Teague v. Lane*, 489 U.S. 288, 311 (1989); and (c) that, applying *Johnson*,  Mr. Davis' prior felony battery offenses do not constitute "violent felonies," and therefore the fifteen year mandatory minimum sentence

---

injury to another."  18 U.S.C. § 924(e)(2)(B).

2

applied to "armed career criminals" with three predicate violent felonies or serious drug offenses

is inappropriate here. Moreover, the Government expressly disclaims any procedural default

under *Frady v. United States*, 456 U.S. 152 (1982).

Based on this Court's review of Mr. Davis' Motion (DE 1) and Memorandum in Support

(DE 11), the Government's Response (DE 18), and Magistrate White's R&R (DE 21), and an

independent review of Mr. Davis' file, the Court agrees that Mr. Davis' motion under § 2255 is

timely and that *Johnson* announced a new substantive rule retroactively applicable to cases on

collateral review. *See Gilbert v. United States*, 609 F.3d 1159, 1161-62 1165 (11th Cir. 2010)

(holding that a similar rule announced in *Begay v. United States*, 553 U.S. 137 (2008), limiting

the scope of the ACCA's definition of "violent felony" to crimes "roughly similar, in kind as

well as in degree of risk posed, to the examples [in the ACCA] themselves" constituted a new

substantive rule retroactively applicable to cases on collateral review); *Lamar v. United States*,

2010 WL 3259500, at *5 (M.D. Fla. Aug. 18, 2010) ("*Johnson* appears to announce a new

substantive rule because the decision narrowed the scope of the Armed Career Criminal Act by

interpreting its terms, specifically the term "physical force."). The Court further agrees, that, in

light of *Johnson*, Mr. Davis' prior felony battery convictions no longer qualify him as an armed

career criminal under § 924(e), and that, consequently, Mr. Davis is now subject to "a

punishment that the law cannot impose upon him" and should be resentenced. *Schriro v.*

*Summerlin*, 542 U.S. 348, 352 (2004).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that United States Magistrate Judge White's Report and

Recommendation (DE 21) is **RATIFIED, ADOPTED, AND APPROVED** in its entirety; and it

is further

**ORDERED AND ADJUDGED** that Tavaris Davis' *pro se* Motion to Vacate (DE 1) is

**GRANTED**, and  Mr. Davis' sentence in Case No.  02-80197-Cr-Middlebrooks is **VACATED**.

Resentencing shall be addressed by further Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 7 day of

October, 2010.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:     Counsel of Record;
        Tavaris Davis, *pro se*
        Reg. No. 72143-004
        FCC Coleman (Medium) B1
        Inmate Mail
        P.O. Box 1032
        Coleman, FL 33521

4